SHORES, Justice
(dissenting).
I respectfully dissent, because I believe the trial court erred in entering a summary judgment in favor of the defendants. The case poses the classic fact question on misrepresentation. The plaintiff Feley contends that DHC offered him a salary, a car allowance, a signing bonus, and options to buy 50,000 shares of stock if he accepted a job. Feley claims that in reliance upon these representations, he moved from California to Alabama to accept employment with DHC, disclosed to DHC the identities of potential DHC acquisition candidates, and secured contacts with those candidates. He says he was fired less than three months later and was warned to abandon the business contacts he had developed. DHC now seeks to avoid its employment contract with him and denies having made any misrepresentations to him.
The plaintiff has presented evidence that, if believed by a jury, would support his claim of fraud. The plaintiffs testimony is disputed by the defendants. However, the fact that the defendants dispute his testimony does not entitle them to a summary judgment. DHC’s denial creates genuine issues of material fact that can be decided only by a jury.